UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GARY LEE NORMAN, )
)
        Plaintiff, )
)
     vs. ) No. 1:17-cv-03418-SEB-MJD
)
MONROE COUNTY JAIL, )
)
        Defendant. )

**Entry Dismissing Complaint and Directing Filing of Amended Complaint**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at the Westville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

Norman brings this case for violations of his civil rights under 42 U.S.C. § 1983. Norman asserts that when he was an inmate at the Monroe County Jail, he was held for 23 hours a day in a cell and suffering from schizophrenia, delusions, and psychosis. He claims that he was not provided with adequate medical care for these conditions and that he wrote to Doctor Weller, Jail Commander Sam Crowe, and Sheriff Brad Swain multiple times asking for help to no avail.

## III. Claims that will Proceed

Based on the screening set forth above, some claims will be dismissed while others will proceed.

First, Norman names the Monroe County Jail, the Monroe County Jail Medical Department, and the Monroe County Sheriff's Department as defendants. Any claim against the Monroe County Jail and Monroe County Jail Medical Department must be **dismissed** because these entities are not "persons" subject to suit under § 1983. In addition, the claims against the Monroe County Sheriff's Department must be **dismissed** because Norman does not assert that the alleged violations of his rights were the result of a policy or practice of the Sheriff's Department. *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009) (a municipal entity is not liable under 42 U.S.C. § 1983 for the alleged misdeeds of their employees unless the injury alleged is the result of a policy or practice). The **clerk shall terminate** the Monroe County Jail, the Monroe County Jail Medical Department, and the Monroe County Sheriff's Department as defendants.

In the interest of judicial efficiency, however, Doctor Weller, Jail Commander Sam Crowe, and Sheriff Brad Swain shall be **named as defendants** because Norman asserts actions on their part in the body of his complaint. The claims that these defendants ignored his requests for medical help for his mental health needs and maintained him in solitary confinement despite his mental health needs **shall proceed** as claims that these defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through December 1, 2017,** in which to identify those claims.

The plaintiff's request that the defendants be required to provide his medical records, dkt. [15], is **granted** to the extent that once the defendants appear, they shall provide these materials in the course of discovery.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint filed on, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 11/6/2017

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary Lee Norman
115999
Westville Correctional Facility
Electronic Service Participant – Court Only

Jail Commander Sam Crowe
301 N. College Ave.
Bloomington, IN 47404

Sheriff Brad Swain
301 N. College Ave.
Bloomington, IN 47404

Doctor Weller
301 N. College Ave.
Bloomington, IN 47404